**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JUVENCIA DEL CARMEN LEON DE LOPEZ and PERNANDO ALONSO LOPEZ-LEON,<br><br>Petitioners,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Civil Action No. 26-2826 (JXN)<br><br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioners Juvencia Del Carmen Leon De Lopez and Fernando Alonso Lopez-Leon's ("Petitioners") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging their continued detention by immigration authorities. (Habeas Pet., ECF No. 1.) Respondents ("Respondents" or "Government") filed a letter response. (Resp., ECF No. 4.)

Petitioners, natives of El Salvador, entered the United States on July 9, 2015, and were apprehended at the border. (*See* Resp. at 2.) At that time, Petitioners were issued Notices to Appear, charged as having entered the United States without admission or inspections, and released on their own recognizance pursuant to 8 U.S.C. § 1226(a)(2)(B). (*Id.* at 2, 12, 16.) On July 27, 2020, an Immigration Judge ("IJ") denied Petitioners' petitions for asylum and they were ordered removed. (*Id.* at 2). Petitioners appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (*Id.*) The BIA dismissed both appeals on November 13, 2025. (*Id.*) On December 3, 2025, Petitioners filed a Petition for Review before the Third Circuit, which remains pending. (*Id.*) On

March 13, 2026, Immigration and Customs Enforcement ("ICE") agents detained Petitioners. (*Id.*) Petitioners then applied for and received a temporary stay of removal by the Third Circuit. (*Id.*)

Following Petitioners' arrest and detention by ICE, they have not been afforded individualized bond hearings because they are purportedly being held in mandatory detention under 8 U.S.C. § 1225(b)(1). (*Id.*)

The Court ordered the Government to file an answer, (*see* Order, ECF No. 2), which it did (Resp.).

The Petition contends the Government has violated Petitioners' due process rights and that they are unlawfully detained. (*See generally* Habeas Pet.) The Government argues that Petitioners are mandatorily detained under § 1225(b)(1). (Resp. at 2.) The Government claims it detained Petitioners under 8 U.S.C. § 1225(b)(1)(B)(ii), because Petitioners were apprehended at a port of entry or near the border, filed asylum applications, were found removable by the IJ, and currently have a temporary stay of removal. (*Id.*) According to the Government, Petitioners' detention is mandatory pending removal proceedings under § 1225(b)(1)(B)(ii) because "[d]etention under the statute remains mandatory until the conclusion of the alien's credible fear or removal proceedings, after which an alien would have a final order of removal, at which point detention under the statute ends." (*Id.*)

In support of their position, the Government relies on a case where the Court concluded §1225(b)(1) applied to a petitioner who was released on parole after being placed into expedited removal proceedings and found to have a positive fear of persecution and re-detained. (*Id.* at 2 (citing *Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614 (D.N.J. Jan. 8, 2026)). That case is distinguishable from this one. There, the petitioner was released into the country on humanitarian parole after being placed in expedited removal proceedings. *Faqirzada*, 2026 WL 63614, at *1.

Here, the Government released Petitioners on their own recognizance under § 1226(a). (Resp. at 2, 12, 16.)

An alien who attempts to enter the United States illegally and is detained shortly thereafter is "treated as an applicant for admission" and is subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–40 (2020). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution, in which case they may be referred for further proceedings regarding that fear. *See Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425–26 (3d Cir. 2016). Pursuant to the statute, such aliens are subject to mandatory detention throughout removal or credible fear proceedings, although the Government may in its discretion temporarily parole such aliens "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287–88 (2018). The parole statute instructs that,

> such parole of an alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission.

8 U.S.C. § 1182(d)(5)(A).

There are several types of "parole." 8 U.S.C. § 1182(d)(5)(A) allows for humanitarian parole by the Department of Homeland Security ("DHS") of noncitizens detained under §1225(b), while 8 U.S.C. § 1226(a) allow for "conditional parole" of noncitizens detained under §1226(a). Here, based on the record before the Court, the Government has failed to provide the Court with evidence that Petitioners were granted humanitarian parole under § 1182(d)(5)(A) in 2015. Rather, the Government acknowledges that Petitioners were initially released under § 1226(a). The Government has failed to offer support for its position that Petitioners now remain subject to §

3

1225(b)(1)'s mandatory detention based on their previous release on their own recognizance. *See Flores v. Rokosky*, No. 25-18998, 2026 WL 84434, at *2–3 (D.N.J. Jan. 12, 2026) (rejecting Government's argument that petitioner was mandatorily detained under §1225b(b)(1), when Government did not show petitioner was paroled); *Salvatierra v. Bondi*, No. 25-18608, 2026 WL 45171, at *1 (D.N.J. Jan. 7, 2026) (same). As the Government has failed to show that Petitioners were granted humanitarian parole, the Court finds Petitioners are similar to the countless number of noncitizens the Government has recently unlawfully detained under § 1225(b)(2).

Courts in this District, including this Court in the recent matter *Fuentes Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025), have considered whether noncitizens who are detained after having already been in this country are unlawfully held in mandatory detention under § 1225(b). In *Fuentes Velasquez*, Respondents argued DHS has implemented a new policy interpreting the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Fuentes Velasquez*, 2025 WL 3653657 at * 2.

In *Fuentes Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *See generally id.* The Court rejected the contention that § 1225(b)(2) provides the authority to mandatorily detain noncitizens who have resided within the United States for a considerable period simply because they were not admitted or paroled upon inspection at the border. *See id.* The Court held that Fuentes Velasquez was unlawfully held in mandatory detention

under § 1225(b)(2) and could only be properly detained under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*[1]

Based on this Court's statutory interpretation in *Fuentes Velasquez*, the Court finds the facts asserted in the Petition establish that Petitioners cannot be mandatorily detained under § 1225(b)(2) as they have resided in the United States for several years after entry without admission or parole, and their continued detention under that statute is unlawful. Petitioners' §2241 Petition must therefore be granted.

The Government argues that if the Court finds that Petitioners are not subject to mandatory detention, which it has, a bond hearing under §1226(a) is the only remedy available to Petitioners. (Resp. at 3.) Although Petitioners may be lawfully subject to detention under 8 U.S.C. § 1226(a), "the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention, nor have they provided him the bond hearing to which he is entitled under that statute." *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026). The Court will not correct the Government's unlawful detention of Petitioners under § 1225(b)(2) by converting Petitioners' detention to "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at *2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). Therefore, Respondents shall release Petitioners from custody.

---

[1] *See also Fajardo -Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026) (holding petitioner's continued detention under 8 U.S.C. § 1225(b)(2) unlawful); *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445, at *3–4 (D.N.J. Nov. 21, 2025); *Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at *2–4 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1–2 (D.N.J. Feb. 20, 2026).

Accordingly,

**IT IS**, on this 31<u>st </u>day of March 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Respondents shall **RELEASE** Petitioners from immigration detention no later than March 31, 2026, at 5:00 p.m., under the same conditions, if any, that existed prior to their detention; it is further

 **ORDERED** that Respondents shall return to Petitioners all personal property belonging to Petitioners – including but not limited to, any driver's license, passport, immigration documents, currency, or cellphone – that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; it is further

**ORDERED** that within **three (3) days** of the date of entry of this Memorandum and Order, Respondents shall file a written notice on the docket confirming Petitioners' release from custody; it is further

**ORDERED** that Respondents are permanently enjoined from detaining Petitioners under 8 U.S.C. § 1225(b)(2), which the Court has found inapplicable to him; it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioners into custody under 8 U.S.C. § 1226(a) for a period of 14 days following their release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

JULIEN XAVIER NEALS
United States District Judge